UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
KEITH SMITH,                                            :
                                                        :
                        Plaintiff,                    :
                                                        :
     -against-                                         :
                                                        :
THE CITY OF NEW YORK; KEITH CHENG,                      :     **AMENDED COMPLAINT**
Individually and in His Official Capacity; PAUL         :
DIEUGENIA, Individually and in His Official Capacity;   :     **Jury Trial Demanded**
MICHELLE MICELI, Individually and in Her Official       :
Capacity; THOMAS RODRIGUEZ, Individually and in His     :     **ECF Case**
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,       :
Individually and in Their Official Capacities (members of :   12 Civ. 3913 (JBW) (RML)
the New York City Police Department whose names are     :
presently unknown to plaintiff),                        :
                                                        :
                        Defendants.                   :
---------------------------------------------------------------------x

       Plaintiff KEITH SMITH, by his attorney, Robert T. Perry, respectfully alleges as follows:

### NATURE OF ACTION

       1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

       2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

       4.    Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5.     Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff KEITH SMITH is an African American male and has been at all relevant times herein a resident of the City and State of New York.

7.     Defendant THE CITY OF NEW YORK ("the City") is, and was at all relevant times herein, a municipal corporation duly organized and existing under the laws of the State of New York.  The City maintains the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8.     Defendant KEITH CHENG (Shield No. 00644) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  At the time of the incident described below, defendant Cheng was a sergeant assigned to the 71st Command.  Defendant Cheng is being sued in his individual and official capacities.

9.     Defendant PAUL DIEUGENIA (Shield No. 13223) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  At the time of the incident described below, defendant Dieugenia was a police officer assigned to the 164th Command.  Defendant Dieugenia is being sued in his individual and official capacities.

10.     Defendant MICHELLE MICELI (Shield No. 5066) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  At the time of the incident described below, defendant Miceli was a police officer assigned to the 71st Precinct.  Defendant Miceli is being sued in her individual and official capacities.

11. Defendant THOMAS RODRIGUEZ (Shield No. 24472) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. At the time of the incident described below, defendant Rodriguez was a police officer assigned to the 176th Command. Defendant Rodriguez is being sued in his individual and official capacities.

12. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

13. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

14. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

15. On October 19, 2010, shortly before midnight, plaintiff was sitting in the front passenger seat of a Mercedes-Benz belonging to his girlfriend Regina Harper's family. The car was legally parked next to the curb near 535 Flatbush Avenue in Brooklyn. Ms. Harper had stopped to visit a friend. Plaintiff was waiting for her to return. Plaintiff had committed no crime or offense nor was he committing any crime or offense.

16. As plaintiff sat in the parked car, a police vehicle slowly drove by on the opposite direction, made a u-turn, and pulled up behind the parked car. Two police officers got out. They approached the parked car on foot, one officer on the passenger side and the other officer on the driver's side.

17. Through the partially open window on the front passenger side of the car, an officer said to plaintiff that he believed the car was stolen and told plaintiff to get out.

18. Plaintiff replied that the car belonged to his girlfriend's family and asked whether the officer had done a license check and why the officer thought the car was stolen.

19. The officer then reached through the partially open window on the front passenger side of the car and tried to grab plaintiff. The officer also began cursing at plaintiff, calling him a "nigger." Plaintiff immediately called 911 on his cell phone and asked to speak with someone in the NYPD Internal Affairs Bureau.

20. Fearing that the officer would break the window, plaintiff opened the door to the front passenger side of the car. The officer pulled plaintiff out of the car. Both officers then dragged plaintiff onto Flatbush Avenue near the intersection of Flatbush and Washington Avenues.

21. More officers arrived at the scene. As plaintiff lay in the street, several officers punched and kicked plaintiff in the head, arms, sides, and legs. One officer repeatedly struck plaintiff with a baton.

22. Plaintiff did not provoke the assault. He offered no physical resistance.

23. Plaintiff was handcuffed -- excessively tightly -- and taken to the 71st Precinct, where he requested medical attention. Plaintiff was next taken to Brookdale University Hospital and Medical Center, where he was treated for his injuries. Plaintiff was then brought back to the 71st Precinct.

24. In connection with plaintiff's arrest, defendants Cheng, Dieugenia, and Rodriguez prepared a false and misleading police report which they forwarded to the Kings County District Attorney's Office ("District Attorney"). As a result, the District Attorney decided to prosecute plaintiff.

25. On October 21, 2010, plaintiff was arraigned in Kings County Criminal Court and charged with Assault in the Third Degree (two counts), Criminal Possession of a Forged Instrument in the Third Degree, Resisting Arrest, and Attempted Assault in the Third Degree (two counts). According to the complaint sworn to by defendant Dieugenia and the supporting depositions sworn to by defendants Cheng and Rodriguez, plaintiff possessed a forged NYPD restricted parking plate, punched defendant Cheng in the face, punched defendant Rodriguez in the chest, and resisted arrest. These allegations were false. Plaintiff pleaded not guilty and was released on his own recognizance, after approximately 36 hours in custody.

26. Thereafter, plaintiff made several court appearances to defend himself against the criminal charges.

27. On April 29, 2011, the criminal charges against plaintiff were dismissed in their entirety.

28. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, deprivation of his liberty, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

29. Plaintiff repeats and realleges paragraphs "1" through "28" with the same force and effect as if they were fully set forth herein.

5

30. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

31. Plaintiff repeats and realleges paragraphs "1" through "30" with the same force and effect as if they were fully set forth herein.

32. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983)

33. Plaintiff repeats and realleges paragraphs "1" through "32" with the same force and effect as if they were fully set forth herein.

34. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Equal Protection Claim Under 42 U.S.C. § 1983)

35. Plaintiff repeats and realleges paragraphs "1" through "34" with the same force and effect as if they were fully set forth herein.

6

36.     Defendants, acting in concert and within the scope of their authority, deprived plaintiff of equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

37.     Plaintiff repeats and realleges paragraphs "1" through "36" with the same force and effect as if they were fully set forth herein.

38.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

39.     Plaintiff repeats and realleges paragraphs "1" through "38" with the same force and effect as if they were fully set forth herein.

40.     The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

41.     The foregoing customs, policies, practices, procedures, rules, and usages included, but were not limited to, making arrests without probable cause to believe that the arrestees had committed any crime or offense.

42.     The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following recent civil rights actions filed against the City:

(1) **Angel Bonilla v. City of New York**, United States District Court, Eastern District of New York, 12 CV 3368;

(2) **Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917;

(3) **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160;

(4) **Shelly Levy v. City of New York**, United States District Court, Southern District of New York, 11 CV 0227;

(5) **Casimiro Medina v. City of New York**, United States District Court, Eastern District of New York, 10 CV 3158; and

(6) **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604.

43. The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

44. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severably against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D)  Such other relief as this Court deems just and proper.

Dated:   Brooklyn, New York
         March 11, 2013

                                        Respectfully submitted,

                                        *Robert T. Perry*
                                        ─────────────────────────
                                        ROBERT T. PERRY (RP-1199)
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (212) 219-9410
                                        rtperry32@gmail.com
                                        *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
KEITH SMITH,                                            :
                                                        :
                            Plaintiff,        :
                                                        :
      -against-                                        :
                                                        :
THE CITY OF NEW YORK; KEITH CHENG,                      :
Individually and in His Official Capacity; PAUL         :      12 Civ. 3913 (JBW) (RML)
DIEUGENIA, Individually and in His Official Capacity;   :
MICHELLE MICELI, Individually and in Her Official       :
Capacity; THOMAS RODRIGUEZ, Individually and in His     :
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,       :
Individually and in Their Official Capacities (members of :
the New York City Police Department whose names are    :
presently unknown to plaintiff),                        :
                                                        :
                        Defendants.       :
-------------------------------------------------------------------------x

**AMENDED COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*